**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mariella Jacqueline Hart, | No. CV-25-08140-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Terros Health, et al., | |
| Defendants. | |

Plaintiff Mariella Jacqueline Hart filed this suit against numerous police officers, the Mohave County Attorney's Office, a pet hospital, and others. Hart also filed a motion to proceed in forma pauperis. That motion is granted but the complaint does not state a claim for relief and is dismissed. 28 U.S.C. § 1915(e).

The complaint focuses on events that began in May 2018 when Hart was transported to a hospital by the fire department. (Doc. 1 at 9-10.) Hart received treatment at the hospital, including a blood draw and administration of "the deadly drug Klonopin." (Doc. 1 at 10-11.) Hart later attempted to obtain the medical records from her treatment but she received only "altered" records. (Doc. 1 at 17.) Some of the altered records included "forged and fabricated statements," potentially made by an employee of North Valley Pet Hospital who was "impersonating a psychiatrist." (Doc. 1 at 15.) The most recent event alleged against any individual or entity named as a defendant in the complaint occurred on June 15, 2022, when Hart "received the last set of altered medical records." (Doc. 1 at 18.)

A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action may be dismissed as frivolous "where the defense is complete and obvious from the face of the pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke*, 490 U.S. at 325. Hart's complaint indicates she is attempting to sue each defendant for violating her constitutional rights. (Doc. 1 at 3.) Assuming all defendants could qualify as state actors who can be sued for constitutional violations under 42 U.S.C. § 1983, Hart's claims are barred by the statute of limitations.

Section 1983 claims are subject to a two-year statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The last event tied to any defendant in the complaint occurred in June 2022, well outside the two-year statute of limitations. Therefore, Hart's claims are untimely and must be dismissed.[1]

Accordingly,

**IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment in favor of defendants and close this case.

Dated this 7th day of July, 2025.

Honorable Krissa M. Lanham
United States District Judge

---

[1] If Hart is attempting to allege state-law tort claims, those claims also are barred by a two-year statute of limitations. A.R.S. § 12-542.